UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| NAMEL NORRIS,<br>        Plaintiff<br>KUNG POW PLANET, INC., a New York Corporation, d/b/a/ FRIED RICE, and OR 239 MULBERRY, LLC, a New York limited liability company,<br><br>        Defendants.<br>_____/ | CASE NO: 1:24-cv-03012<br><br>KUNG POW PLANET, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant KUNG POW PLANET, INC. ("Defendant") hereby answers the Complaint of Plaintiff NAMEL NORRIS ("Plaintiff") filed April 20, 2024, herein and admits, denies, and alleges as follows:

## JURISDICTION AND PARTIES

1. Defendant admits that the action is brought under Title III of the Americans With Disabilities Act, 42.U.S.C. §12181, and that the Court is vested with original jurisdiction as to the federal claims asserted. Defendant denies the remaining allegations of this Paragraph.

2. Defendant admits that venue is proper in this court as to the federal claims asserted. Defendant denies the remaining allegations of this Paragraph.

3. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

4. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

5. Defendant admits that it is a New York corporation authorized to and doing business in the State of New York as FRIED RICE. Defendant further admits that it is the

lessee and operator of the retail space known as 239 Mulberry Street, New York, New York. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the remaining allegations of this paragraph.

6.     Defendant admits that the premises, as defined in the Complaint, are located in New York, New York. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the remaining allegations of this paragraph.

### **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

7.     This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

8.     This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

9.     This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

10.    Defendant admits the allegations of this Paragraph.

11.    This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

12.    Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

13.    Defendant denies that Plaintiff was discriminated against in any way and denies the remaining allegations of this paragraph.

14.    Defendant alleges that it lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

15. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

16. Defendant denies that Plaintiff was discriminated against in any way, and denies the remaining allegations of this paragraph, including subsections (i)–(viii).

17. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

18. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

19. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

20. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

22. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

23. Defendant incorporates its responses to the allegations contained in Paragraphs

1 – 20 as if set forth in their entirety herein.

### **COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

24. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

25. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

26. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

27. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

28. Defendant incorporates its responses to the allegations contained in Paragraphs 1 – 27 as if set forth in their entirety herein.

### **COUNT IV – VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

29. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

30. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

31. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

32. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

33. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

34. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

35. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

36. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

37. Defendant incorporates its responses to the allegations contained in Paragraphs 1 – 36 as if set forth in their entirety herein.

## ATTORNEYS' FEES AND COSTS

38. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every allegation in this paragraph.

39. This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

## DAMAGES

40. Defendant alleges that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, therefore, denies each and every

allegation in this paragraph.

## INJUNCTIVE RELIEF

41.     This paragraph does not require a response because it is merely a statement of law, and no facts are alleged. To the extent a response is required, Defendant denies each and every allegation in this paragraph.

## PRAYER

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety, fails to state facts sufficient to constitute a viable cause of action against the answering Defendant upon which relief can be granted. The allegations of the Complaint and each purported cause of action contained therein are not pled with sufficient particularity and are uncertain, vague, ambiguous, and unintelligible.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the claimed violations are de minimis and non-actionable since they do not impair the plaintiff's use of the area or access to the defendant's goods and services.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff made good faith efforts to and reasonably believed it was compliant with the ADA, FHAA, and Administrative Code, and therefore, any violation or deviation if mandated by law, is *de minimis*.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and alleges that Plaintiff has waived any and all claims that she may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and based thereon alleges, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violations not encountered because Plaintiff cannot show injury in fact as to such violations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that other persons and/or entities are totally or partially liable for alleged access violations, and these persons and/or entities may be discovered during discovery.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and based thereon alleges, that Plaintiff cannot state a claim for which Plaintiff is entitled to any relief inasmuch as Plaintiff's inability to engage in any transaction related to the goods offered by Defendant is not the consequence of a feature or lack of feature but, instead, of Plaintiff's condition as to which no changes would provide any relief.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges, based upon information and belief, that it was privileged and/or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendant fully performed any and all contractual, statutory, and other duties owed to Plaintiff under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and based thereon alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendant acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all times based on all relevant facts and circumstances known by it at the time they so acted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Because discovery is ongoing, Defendant is informed and believes that based on future construction/contractor bids regarding proposed access changes, the cost of said bids will show that the proposed changes are disproportionate to the overall previous applicable alteration (if any), and therefore not required under relevant and applicable access law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that any proposed access changes would cause a loss of function, space, or facility where the general public is concerned, and that said proposed changes would cause practical difficulty, unnecessary hardship, and extreme differences, and the equivalent facilitation has been provided.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported claim for relief alleged therein are barred because Defendant did not owe and

did not breach any legally cognizable duty to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and based thereon alleges, that Plaintiff is not entitled to any damages because Plaintiff has not suffered any cognizable damage or other harm as a result of Defendant's alleged acts or omissions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges based upon information and belief that they and other third parties (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by providing access by alternative methods.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Notwithstanding the previous denials and/or asserted affirmative defenses, Plaintiff is not entitled in any sense to recovery of attorney fees, costs of suit or other claimed fees or interest.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek relief for barriers not affecting his disability.

### TWENTIETH AFFIRMATIVE DEFENSE

Some or all of the barrier removal proposed by Plaintiff would result in an undue burden for Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes that some and/or all the alleged access issues at the facilities are not in a primary function area.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes that some and/or all of the averred construction changes were made in compliance with the American Standards Association (ASA) (ANSIA

117.1–1961).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that it may have other separate and/or additional defenses of which it is not aware, and hereby reserve the right to assert them by amendment to this Answer as discovery continues.

## PRAYER

WHEREFORE, Defendant, KUNG POW PLANET, INC. prays for judgment against Plaintiff, NAMEL NORRIS, as follows:

1. Denial of all right to injunctive relief, declaratory judgment, and/or damages pursuant to all claims for relief in Plaintiff's Complaint;

2. Denial of any and all damages, including attorney fees, litigation expenses, and costs;

3. For reasonable attorney fees and litigation expenses and costs in defense of Plaintiff's Complaint; and

4. Such other and further relief as the Court may deem just and proper.

DATED:  July 17, 2024                                    **K. FINNERTY LAW, INC.**

_____
Kathleen E. Finnerty
Attorney for Defendant,
KUNG POW PLANET, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAMEL NORRIS,                                                         CASE NO: 1:24-cv-03012-MKV

    Plaintiff,
vs.

KUNG POW PLANET, INC., a New York corporation, d/b/a FRIED RICE, and OR 239 MULBERRY, LLC, a New York limited liability company,

    Defendants.
_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 17, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              By:   /S/ Kathleen E. Finnerty
                                                    Kathleen E. Finnerty, Esq.
                                                    KFinn@KFinnertyLaw.com

                                                    K. FINNERTY LAW, INC.
                                                    Pro Hac Vice Attorney for Defendant
                                                    Kung Pow Planet, Inc.
                                                    3017 Douglas Blvd. Suite 230
                                                    Roseville, CA 95661
                                                    (916) 783-1644

**SERVICE LIST**

B. Bradley Weitz, Esq.
Robert J. Mirel, Esq.
THE WEITZ LAW FIRM, P.A.
Attorneys for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
*Attorneys for Namel Norris*
VIA ECF

Juan C. Gonzalez, Esq.
RUBIN PATERNITI GONZALEZ RIZZO KAUFMANN LLP
800 Third Avenue, 9th Floor
New York, NY 10022
Telephone: (646) 809-3370
Email: gonzalez@rpgrklaw.com
*Attorneys for OR 239 Mulberry, LLC*
VIA ECF